UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY RUSSELL,<br>　　Movant, | : | CIVIL CASE NO.: |
| v. | : | 3:13-cv-01030 (VLB) |
| UNITED STATES OF AMERICA,<br>　　Respondent. | :<br>:<br>: | November 5, 2015 |

### MEMORANDUM OF DECISION DENYING 28 U.S.C. § 2255 MOTION

Pursuant to 28 U.S.C. § 2255, Gregory Russell, pro se and incarcerated, challenges his 2013 conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Russell argues that Section 924(c) creates two distinct offenses, one for "using or carrying a firearm" and another for "possessing a firearm," and that the indictment charged him with the use-or-carry offense and the Government's evidence and the trial court's jury instructions resulted in his conviction for the possession offense.  Russell therefore claims that his indictment was constructively amended, in violation of his Fifth Amendment right to a grand jury indictment, and that his trial counsel failed to raise this Fifth Amendment violation, in violation of his Sixth Amendment right to the effective assistance of counsel.  But both of these claims fail for one simple reason: the indictment unambiguously alleged *facts* constituting the possession offense.  Thus, as explained in more detail below, the Court DENIES Russell's Section 2255 motion without an evidentiary hearing and DECLINES to issue a certificate of appealability.

1

## FACTUAL AND PROCEDURAL BACKGROUND

A.  **Criminal Proceedings**

In December 2009, a federal grand jury returned a three-count indictment against Russell. D. Conn. 09-cr-266, ECF No. 1 (Indictment). As relevant here, Count Three of the indictment charged as follows:

> **COUNT THREE**
> **(Carrying a Firearm During and In Relation to a Drug Trafficking Crime)**
>
> On or about July 25, 2009, in Stamford, in the District of Connecticut, GREGORY RUSSELL, a.k.a. "G," the defendant herein, during and in relation to a drug trafficking crime which may be prosecuted in a Court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as set forth in Count Two of this Indictment, did knowingly <u>possess a firearm</u>, that is, one Iberia, Model S&W, .40 caliber pistol, bearing serial number 006823, <u>in furtherance of said drug trafficking crime</u>.
>
> In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

*Id.* at 2 (emphasis added).

As both parties now agree, the Government offered evidence attempting to prove that Russell knowingly possessed a firearm in furtherance of his drug trafficking crime. *Compare* D. Conn. 13-cv-1030, ECF Nos. 1-1 (§ 2255 Mem.) at 35 ("[P]etitioner was nevertheless convicted on a different offense of (possession of a firearm in furtherance of a drug trafficking crime) as a result of . . . the evidence presented by the government."), *with* 10 (Gov't Opp'n) at 19–20 ("[T]he Government presented proof that the defendant possessed a firearm in furtherance of a drug trafficking crime.").

At the conclusion of the evidence, the trial court instructed the jury as follows:

> To prove that the defendant possessed the firearm in furtherance of the crime charged in Count Two, the Government must prove that the defendant had possession of the firearm and that such possession, as I have previously defined that term for you, was in furtherance of the that crime. Possession means that defendant either had physical possession of the weapon on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of the crime means that the firearm helped forward, advance or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element to be satisfied.
>
> To satisfy this element, you must also find that the defendant possessed the firearm knowingly. It also means that he knew that the weapon was a firearm, as we commonly use the word. However, the Government is not required to prove that the defendant knew that he was breaking the law.

D. Conn. 09-cr-266, ECF No. 121 (Trial Tr.) at 470–71.

The jury found Russell guilty of "possession of a firearm in furtherance of a drug trafficking crime." *Id.*, ECF No. 78 (Verdict Form) at 2. The trial court principally sentenced Russell to 120 months' imprisonment, to be followed by three years' supervised release.[1] *Id.*, ECF No. 151 (J.). Russell appealed, raising grounds not relevant here, and the Second Circuit affirmed his criminal judgment on March 3, 2013. *United States v. Russell*, 513 F. App'x 67, 68 (2d Cir. 2013). Russell did not petition for writ of certiorari.

---

[1] The trial court subsequently reduced Russell's sentence pursuant to 18 U.S.C. § 3582(b), but that sentencing reduction does not alter when and how this Court rules on Russell's earlier-filed Section 2255 motion challenging the validity of his conviction. *See United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015) (holding that a sentencing reduction does not restart AEDPA's one-year limitation period because § 3582(b) does not alter conviction's finality).

**B.    Section 2255 Proceedings**

In a Section 2255 motion dated July 9, 2013, Russell now challenges his federal conviction.  D. Conn. 10-cv-1030, ECF No. 1 (§ 2255 Mot.).  Russell's memorandum ventures into great detail to argue that Section 924(c) creates two distinct offenses, one for "using or carrying a firearm" and another for "possessing a firearm," and that the Fifth Amendment requires every distinct offense of conviction to be laid out in the grand jury indictment.  *Id.*, ECF No. 1-1 (Mem.).  He further asserts that his particular indictment charged him with the use-and-carry offense (a fact disputed by the Government) and that the Government's evidence and the trial court's jury instructions addressed the possession offense (facts undisputed by the Government).  *Id.*  Based on these assertions, Russell raises two claims: (1) a constructive amendment claim, in violation of the Fifth Amendment; and (2) an ineffective assistance claim, in violation of the Sixth Amendment.  *Id.*  With respect to his Fifth Amendment claim, he does not allege the existence of prejudice and instead relies on the fact that a constructive amendment constitutes *per se* prejudice.  *Id.*

## DISCUSSION

Section 2255 enables a prisoner in federal custody to petition a federal court to vacate, set aside, or correct his sentence.  28 U.S.C. § 2255(a).  Relief under Section 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice."  *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation

marks and citation omitted). Section 2255 requires a district court to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Russell must be successful on both his Fifth and Sixth Amendment claims to be entitled to relief. If Russell's Fifth Amendment right to be charged with the offense of conviction by a grand jury indictment was not violated, his right to the effective assistance of counsel was not violated by his counsel's failure to raise an unfounded challenge of the sufficiency of the indictment. *See United States v. Regalado*, 518 F.3d 143, 150 n.3 (2d Cir. 2008) (observing that failure to raise losing argument does not constitute ineffective assistance). If Russell cannot demonstrate a Sixth Amendment violation, he will have procedurally defaulted on his Fifth Amendment claim. *See Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) ("A defense counsel's ineffectiveness in failing to properly preserve a claim for review in state court can suffice to establish cause for a procedural default only when the counsel's ineptitude rises to the level of a violation of a defendant's Sixth Amendment right to counsel."). Because, as discussed below, the extant records conclusively demonstrate that Russell's Fifth Amendment claim is meritless, the Court DENIES both claims on the merits without holding an evidentiary hearing and DECLINES to issue a certificate of appealability.

Under the Fifth Amendment, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury." U.S. CONST. amend. V. This provision guarantees a federal criminal defendant the "substantial right to be tried only on the charges presented in the

indictment returned by a grand jury." *United States v. Miller*, 471 U.S. 130, 140 (1985) (quoting *Stirone v. United States*, 361 U.S. 212, 216–17 (1960)). The right can be violated in one of two ways: constructive amendment or prejudicial variance. *United States v. Helmsley*, 941 F.2d 71, 89 (2d Cir. 1991). To assess whether a constructive amendment occurred, "[t]he crucial question . . . is whether [the defendant] was convicted of an offense not charged in the indictment." *Stirone,* 361 U.S. at 213. A prejudicial variance, on the other hand, occurs when the proof of the specific means for satisfying an element materially diverges from the facts alleged in the indictment. *See United States v. D'Amelio*, 683 F.3d 412, 422 (2d Cir. 2012). When a constructive amendment occurs, prejudice is presumed; when a variance occurs, the defendant must demonstrate prejudice. *United States v. Salmonese*, 352 F.3d 608, 621 (2d Cir. 2003). In either event, the Court must consider "the deviation between the facts alleged in the indictment and the proof underlying the conviction." *United States v. Bastian*, 770 F.3d 212, 220 (2d Cir. 2014) (internal quotation marks and alterations omitted)).

Here, it is not entirely clear whether or not the alleged deviation amounted to a constructive amendment or a variance. Russell laudably goes to great lengths, including addressing the legislative history, to demonstrate Section 924(c) creates two distinct offenses. Some courts have agreed. *See Marmolejas v. United States*, 2010 WL 3452386, at *9 (S.D.N.Y. Sept. 2, 2010) (citing *United States v. Combs*, 369 F.3d 925, 930 (6th Cir. 2004)). To date, the Second Circuit has declined to address "whether § 924(c) creates separate offenses . . . or

6

whether it merely describes two alternative means for committing the same offense." *See United States v. Jackson*, 513 F. App'x 51, 53-54 (2d Cir.) *cert. denied*, 133 S. Ct. 1848, 185 L. Ed. 2d 852 (2013) (internal citations omitted). This Court, however, does not need to address the issue. Whether or not possession is an element of one of two distinct offenses or one method of proving a single offense, the indictment's factual allegations unquestionably described possession: "the defendant . . . did knowingly possess a firearm, . . . in furtherance of said drug trafficking crime." D. Conn. 09-cr-266, ECF No. 1 (Indictment) at 2.

Russell's contention, however, is based on the indictment's heading for the charged offense rather than its factual allegations: "(Carrying a Firearm During and In Relation to a Drug Trafficking Crime)." *Id.* Russell's contention derives from a fundamental misunderstanding of what constitutes an indictment. An indictment is "a plain, concise, and definitive written statement of the *essential facts* constituting the offense charged." Fed. R. Crim. P. 7(c)(1) (emphasis added). The Constitution requires that an indictment contain sufficient factual allegations "to assure against double jeopardy and state the elements of the offense charged, thereby apprising the defendant of what he must be prepared to meet." *United States v. Tramunti,* 513 F.2d 1087, 1113 (2d Cir.), *cert. denied,* 423 U.S. 832 (1975). Indeed, although Rule 7(c)(1) requires "citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated," an indictment is constitutionally sufficient "even though an inapposite statute is referred to therein." *United States v. Eucker*, 532 F.2d 249, 257 (2d Cir.

1976).  Hence, the relevant issue, as to both a constructive amendment and variance claim, concerns "the deviation between t*he facts alleged in the indictment* and the proof underlying the conviction . . . ."  *Bastian*, 770 F.3d at 220 (internal quotation marks and alterations omitted) (emphasis added).  It is of no constitutional moment that the indictment's heading for the correctly cited statute referenced the "carrying" language rather than the "possession" language because the factual allegations clearly informed Russell that his possession would be at issue at trial and that double jeopardy could attach to his drug trafficking crime involving possession.  In other words, the indictment, viewed in its totality, gave Russell "notice of the core of criminality to be proven at trial." *United States v. Riga*, 490 F.3d 208, 228 (2d Cir. 2007).

## CONCLUSION

For the foregoing reasons, Russell's Section 2255 motion is DENIED without an evidentiary hearing because the extant records conclusively establish that he is not entitled to relief.  The Court DENIES a certificate of appealability because the Section 255 motion makes no substantial showing of a denial of a constitutional right.   28 U.S.C. § 2253(c)(2).  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from the Court's judgment would not be taken in good faith.

IT IS SO ORDERED.

                                                  /s/
                                     Vanessa L. Bryant
                                     United States District Judge

Dated at Hartford, Connecticut: November 5, 2015